**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| MICHAEL ANTHONY COLEMAN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV426-037 |
| SANDI WEST, | ) ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* Petitioner Michael Anthony Coleman filed a petition challenging his 2024 conviction in the Superior Court of Effingham County, Georgia. *See* doc. 1 at 1. He failed to pay the filing fee or move to proceed *in forma pauperis* and the Clerk notified him of the deficiency. *See* doc. 2. He has now filed a Motion to Proceed *In Forma Pauperis*. Doc. 3. Because his application shows that he is unable to pay the filing fee, it is **GRANTED**. Doc. 3. The Court, therefore, proceeds to screen his Petition. As discussed below, since it appears from the face of his Petition that it is unexhausted it should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Coleman's Petition discloses, somewhat inconsistently, that he was convicted after pleading guilty in 2024 on multiple counts, but sentenced in 2021 to "15 yrs. probation." Doc. 1 at 1-2. He did not appeal. *Id.* at 2. He filed a state habeas petition in the Superior Court of Tattnall County, Georgia in January 2026 and a hearing is scheduled on that petition in April 2026. *Id.* at 3. In the instant petition he asserts one ground, that his attorney provided ineffective assistance.[1]  *Id.* at 5. He requests

---

[1] The basis of the alleged ineffective assistance is somewhat dubious. Coleman asserts that his attorney "allowed [him] to be criminally prosecuted for a civil suit," among other issues. Doc. 1 at 5. He also seems to believe that his Petition is untimely and, in his explanation, asserts that he "was sued civilly by EFFINGHAM COUNTY SUPERIOR COURT as the Corporation MICHAEL ANTHONY COLEMAN, then punished criminally and sentence in the criminal court of Effingham County Superior Court and my person Michael Anthony Coelman was sent to prison." *Id.* at 13-14. That language is indicative of frivolous "sovereign citizen" legal theories. Any such claim is subject to summary rejection. *See, e.g., United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe.*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented"). However, he also alleges less obviously frivolous issues, including that his counsel "[r]aised no objections to numerous violations of state and federal law." Doc. 1 at 5. Since it is clear, as discussed below, that Coleman has not exhausted his state remedies, the Court need not address which allegations, if any, survive screening.

immediate release, dismissal of the charges against him, and monetary damages.[2] *Id.* at 15.

Before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Coleman must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added).[3] Coleman's concession that his pursuit of state remedies, in the form of a habeas petition, is pending a hearing, establishes that he has not exhausted those remedies.

---

[2] Monetary damages are not available in a habeas case. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). As with his sovereign citizen claims, however, because the Petition is due for dismissal as unexhausted, the Court need not resolve the monetary damages claim independently.

[3] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Coleman does allege, in a conclusory manner, that he has been "kept from accessing the Effingham County Superior Court." Doc. 1 at 13. Exhaustion may be excused where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the right of the applicant." 28 U.S.C. § 2254(b). Whatever issues Coleman may have encountered in Effingham County, however, he alleges that his state habeas petition is pending in Tattnall County, that it has been pending for only a few months, and that a hearing has already been scheduled. Doc. 1 at 3. That the hearing has been scheduled indicates that "visible progress toward disposition of the case is being made." *Sloan v. Chapman*, 2011 WL 816789, at *3 (S.D. Ga. Jan. 31, 2011). Even charitably construed, therefore, the Petition clearly indicates that there are state processes available to Colemen, which preclude excusing his failure to exhaust the asserted grounds. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (noting that excusing exhaustion is appropriate "in rare instances," and "would be inappropriate . . . where the petitioner has a viable state procedure available at the same time he files his federal petition."); *Madison v. Laughlin*, 2021 WL 4395636, at *1 (S.D. Ga. May 6, 2021) (finding

4

petitioner failed to exhaust state remedies when state habeas proceeding was pending when federal petition was filed), *adopted* 2021 WL 3856456 (S.D. Ga. Aug. 30, 2021).

Since the only ground for relief asserted in Coleman's § 2254 petition is unexhausted it should be **DISMISSED without prejudice**.[4] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and

---

[4] Given that the grounds asserted in Coleman's Petition are unexhausted, dismissal without prejudice is appropriate. *See, e.g., Reedman*, 305 F. App'x at 546 (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 13th day of March, 2026.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

6